﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/30/20

DOCKET NO. 190612-10118
DATE: January 31, 2020

ORDER

Entitlement to an initial disability rating of 10 percent for the service-connected hypertension is granted.

FINDING OF FACT

The Veteran’s hypertension has been manifested by a history of diastolic pressure predominantly 100 or more and the need for continuous medication for control; his diastolic pressure is not predominantly 110 or more, and his systolic pressure is not predominantly 200 or more. 

CONCLUSION OF LAW

The criteria for an initial compensable rating of 10 percent, but no higher, for the service-connected hypertension have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.3, 4.104, Diagnostic Code 7101. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1997 to September 2005 and July 2006 to May 2007.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

In a December 2018 rating decision, the Agency of Original Jurisdiction (AOJ) granted service connection for hypertension as secondary to the service-connected lumbar disc herniation L5-S1. The AOJ assigned a 0 percent rating, effective June 12, 2018. The Veteran submitted a timely Notice of Disagreement in January 2019. A Statement of the Case (SOC) was issued in April 2019. The Veteran submitted a timely VA Form 10182 (Notice of Disagreement) to opt-in to AMA from the SOC in June 2019 and, in so doing, requested direct review by the Board. 

Based on the Veteran’s choice to pursue a direct review of his appeal, the Board will decide the appeal “based on the evidence of record at the time of the prior decision.” Accordingly, no additionally submitted evidence may be considered. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Entitlement to an initial compensable rating for service-connected hypertension

Disability evaluations are based upon the average impairment of earning capacity as contemplated by the schedule for rating disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4. Pertinent regulations do not require that all cases show all findings specified by the Rating Schedule, but that findings sufficient to identify the disease and the resulting disability and above all, coordination of the rating with impairment of function will be expected in all cases. 38 C.F.R. § 4.21; Mauerhan v. Principi, 16 Vet. App. 436 (2002). 

With the initial rating assigned following a grant of service connection, separate staged ratings may be assigned for separate periods of time, based on facts found. Fenderson v. West, 12 Vet. App. 119, 126 (1999). In all claims for an increased rating, VA has a duty to consider the possibility of assigning staged ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007). 

The Veteran’s hypertension has been rated at 0 percent under Diagnostic Code 7101. 38 C.F.R. § 4.104. Under this Code, a 10 percent rating is warranted where diastolic pressure is predominantly 100 or more, systolic pressure is predominantly 160 or more, or where an individual has a history of diastolic pressure predominantly 100 or more and requires continuous medication for control. A 20 percent rating may be assigned if diastolic pressure is predominantly 110 or more, or systolic pressure is predominantly 200 or more. Diastolic pressure predominantly 120 or more is rated at 40 percent, and a maximum 60 percent rating is warranted for diastolic pressure predominantly 130 or more. 

At a November 2018 VA examination, the Veteran reported taking continuous medication for his hypertension. Blood pressure readings at the examination were 134/84, 136/80, and 138/88. Initially, and in this regard, the Board notes that these blood pressure readings do not reflect diastolic pressure predominantly 100 or more and systolic pressure predominantly 160 or more. 38 C.F.R. § 4.104, Diagnostic Code 7101.

The Board acknowledges that the November 2018 VA examiner noted in the examination report that the Veteran’s prior blood pressure readings did not show a history of a diastolic blood pressure elevation to predominantly 100 or more. Significantly, however, in a December 2018 letter, the Veteran’s private primary care physician noted that, when he first began treating the Veteran, the Veteran’s systolic blood pressure readings ranged from 161 167, and his diastolic blood pressure readings ranged from 104-112. Furthermore, this doctor noted that the Veteran’s high blood pressure is now “better controlled with anti-HTN therapy in the 110-120/70-80 range.” 

Given the above, the Board finds that the Veteran’s hypertension has been manifested by a history of diastolic pressure predominantly 100 or more and requires continuous medication for control. Accordingly, an initial compensable rating of 10 percent rating is warranted. 38 C.F.R. § 4.104, Diagnostic Code 7101. The next higher rating of 20 percent is not warranted, as the Veteran’s diastolic pressure is not predominantly 110 or more and as his systolic pressure is not predominantly 200 or more. Id. Thus, a compensable rating of 10 percent, but no higher, is warranted for the service-connected hypertension. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Goreham

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.